UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                               Plaintiff,

            v.                                      **DECISION AND ORDER**
                                                         09-CR-331-A

DOUGLAS LAWRENCE HARVILLE,

                               Defendant.
_____

Before the Court is Defendant Douglas Lawrence Harville's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2). (Dkt. No. 2421). The Government opposed (Dkt. No. 2440), and Defendant replied (Dkt No. 2446). For the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

On or about January 13, 2012, Defendant pleaded guilty to participation in a RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (Dkt. Nos. 392, 399). In his plea agreement, Defendant admitted to being a long-standing member of the 10th Street Gang, which operated in the west side of the City of Buffalo, distributing significant quantities of cocaine, cocaine base, marijuana, and other controlled substances. Gang members routinely used violence and threats of violence to protect their territory from rival gangs and to retaliate against people who committed acts of violence against them, and as part of his plea agreement, defendant admitted that he personally planned and participated in a shooting which resulted in the death of two such rival gang members. (Dkt. No. 392, ¶5).

1

The plea agreement expressed the parties' understanding that with a total offense level of 42 and criminal history category of I, Defendant faced a sentencing range of imprisonment of 360 moths to life. (Dkt. No. 392, ¶16).  The agreement further provided that in the event the Defendant provided substantial assistance, "the government will move the Court at sentencing to depart downward five (5) levels from the Guidelines as provided for in Guidelines § 5K1.1, which, if granted by the Court, would result in a total offense level of 37 and a sentencing range for imprisonment of 210 to 262 months." (Dkt. No. 392, ¶30).

The Presentence Investigation Report calculated the Defendant's Criminal History Category as IV rather than I, and determined that with a total offense level of 42 and criminal history category of IV, Defendant's guidelines range for imprisonment was 360 months to life.  PSR ¶104.  Prior to sentencing, the government, in support of its request for a downward departure based upon Defendant's substantial assistance, filed an affidavit which requested that:

> in the event the Court determines that the defendant is a Criminal History Category IV, as set forth in the PSR, the government respectfully requests the Court grant the appropriate departure to reach an advisory guideline range of 210 to 262 months because the government believes the defendant's cooperation should result in an advisory range of 210 to 262 months for his role in the double-murders on April 17, 2006, and the RICO Conspiracy in which Harville participated.

(Dkt. No. 2018, ¶3 [filed under seal]).

On June 20, 2016, the Court held a sentencing proceeding and determined, *inter alia*, that Defendant's criminal history category was properly calculated at Category IV, and after granting the government's motion for a reduction of sentence

2

based upon substantial assistance, the Court sentenced Defendant principally to a term of imprisonment of 210 months.

On November 7, 2023, Defendant filed the instant motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence pursuant to Amendment 821 of the Sentencing Guidelines. For the reasons which follow, defendant's request is denied.

As relevant here, Part A of Amendment 821 altered Guidelines § 4A1.1(e), by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points. The parties agree that as a result of the retroactive application of this Amendment,[1] Defendant's Criminal History Category is properly reduced from IV to III. With a total offense level of 42 and a criminal history Category of III, Defendant's guidelines range for imprisonment, prior to any reduction for substantial assistance motion, remains 360 months to life.

The Defendant's current projected release date is August 20, 2024.

## II. APPLICABLE LAW

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a ... resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final

---

[1] Amendment 821 applies retroactively effective February 1, 2024. *See* U.S.S.G. §§ 1B1.10(d) and 1B1.10(e)(1).

sentence" following a "two-step approach." *Id*. at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions ... to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id*. (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. See U.S.S.G. § 1B1.10(a)(2)(B).

"A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). See *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009).  The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis added); U.S.S.G., app. C., amend. 759 (2011); *see*, *United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013)("[t]he 'applicable' amended Guidelines range under § 1B1.10(b)(1) therefore does not incorporate any Guidelines 'departures.'").

4

Case 1:09-cr-00331-RJA-HBS   Document 2449   Filed 01/09/24   Page 5 of 6

Here, Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B).  Although the parties agree that the retroactive application of Amendment 821 will result in his Criminal History Category being reduced from IV to III, with a total offense level of 42, his "applicable guideline range" nevertheless remains 360 to life. Consequently, defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  *See*, *United States v. Derry*, 824 F.3d 299, 307 (2d Cir. 2016)(where defendant's sentencing range "has not 'subsequently been lowered by' [an] Amendment" to the Guidelines, Defendant "is ineligible for a sentence modification.").

Even if this Court were to conclude that Defendant were eligible for such a reduction and to proceed to step two of the *Dillon* inquiry, *see, Dillon v. United States*, 560 U.S. at 827, the Court, upon consideration of the factors set forth in 18 U.S.C  § 3553(a), would under all of the circumstances presented here decline to exercise its discretion further to reduce Defendant's sentence. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010)("[i] f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'").

5

### III.    CONCLUSION

Accordingly, Defendant's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2) [Dkt. No. 2421], is **DENIED**, and such motion is **DISMISSED**.

**IT IS SO ORDERED.**

                                                      *s/Richard J. Arcara*
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated:  January 9, 2024
            Buffalo, New York